IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


WILLIE KEVIN WILLIAMS,                    :

       Plaintiff,                           :

vs.                                        :     CIVIL ACTION 12-00092-KD-C

DIVISION OF RISK MANAGEMENT,               :
et al.,
                                           :
     Defendants.


REPORT AND RECOMMENDATION


Plaintiff, an Alabama prison inmate proceeding *pro se*, and housed at Easterling

Correctional Facility, filed a complaint under 42 U.S.C. § 1983, together with a Motion to Proceed

Without Prepayment of Fees (Doc. 3).   This action has been referred to the undersigned for

appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).   It is the

undersigned's recommendation that Plaintiff's action be transferred to the United States District

Court for the Middle District of Alabama.

Each of Plaintiff's named Defendants have Montgomery, Alabama, addresses, namely,

Division of Risk Management, Marquita Davis, Dalton Doyle, and Theresa Nobles.   Montgomery

is located in Montgomery County in the Middle District of Alabama.

While Plaintiff does complain that he was "illegally incarcerated" by the Baldwin County

Circuit Court, Plaintiff's actual claims in this action appear to stem from the actions of the

Defendants, all of whom are located in the Middle District of Alabama.   Plaintiff allegations in this lawsuit are that Defendants failed to properly initiate the process to show that he is entitled to compensation for being illegally imprisoned by the Baldwin County Circuit Court.   Plaintiff complains that he was wrongfully denied compensation by Defendant, Division of Risk Management.   He also complains that during his wrongful incarceration, he was subjected to cruel and unusual punishment.

A § 1983 action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the same State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).   But, when venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought.   28 U.S.C. § 1406(a).

In the present action, while the alleged illegal incarceration Plaintiff complains of initially occurred in the Baldwin County Circuit Court, the events giving rise to Plaintiff's cause of action have occurred in the Middle District of Alabama.   The decisions to deny compensation to Plaintiff for the alleged wrongful incarceration were made by individuals located in the Middle District. Considering Plaintiff's pro se status, it is recommended, in the interest of justice, that Plaintiff's action be transferred to the United States District Court for the Middle District of Alabama

pursuant to 28 U.S.C. § 1406(a).

**DONE** this 26th day of March, 2012.

_s/WILLIAM E. CASSADY_____
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate

judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.        *Transcript (applicable where proceedings tape recorded).*   Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

1 Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

5